**Jermaine Antonio ARMSTRONG,**
**Petitioner–Appellant,**

v.

**WARDEN OF USP–ATWATER,**
**Respondent–Appellee.** .

No. 11–16879.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 21, 2012.\*

Filed Feb. 22, 2012.

Jermaine Antonio Armstrong, Atwater, CA, pro se.

Bureau of Prisons Regional Counsel, Stockton, CA, Jesse Gonzalez, USPA–U.S. Penitentiary, Atwater, CA, Mark J. McKeon, Esquire, Assistant U.S., USF– Office of the U.S. Attorney, Fresno, CA, for Respondent–Appellee.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM \*\*\*

Federal prisoner Jermaine Antonio Armstrong appeals pro se from the district court's judgment denying his 28 U.S.C. § 2241 habeas petition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Armstrong contends that his due process rights were violated by a Disciplinary Hearing Officer's ("DHO") determination that Armstrong committed the prohibited act of "Killing (Aiding and Abetting)" of another inmate. Contrary to Armstrong's contentions, as the district court properly concluded, the record reflects that procedural safeguards were met and that "some evidence" supports the DHO's findings. *See Superintendent v. Hill,* 472 U.S. 445, 454–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

Armstrong also contends that he did not consent to the jurisdiction of the magistrate judge. This contention is belied by the record.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. Appellant. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.